# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| DOMINIQUE MUFF, | * | |
| Petitioner, | * | |
| | | CASE NO. 1:07-CV-90007 WLS |
| v. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 1:05-CR-47 WLS |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Petitioner was charged in a three count Indictment returned in this court on November 16, 2005, for Possession With Intent to Distribute More than Five Grams of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii), each count, requiring upon conviction, a Mandatory Minimum penalty of 5 years imprisonment up to a Maximum of 40 years imprisonment. (R-1) On June 2, 2006, Petitioner Muff entered into a Plea Agreement with the Government (R-25) and pleaded guilty to Count One of the Indictment, with Counts II and III being dismissed upon the Government's Motion. (R-26) The Court sentenced Petitioner Muff to 105 months imprisonment on September 26, 2006. (R-33) Petitioner filed no appeal. However, he timely filed a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 on August 16, 2007. (R-36)

## Petitioner's Motion

Petitioner Muff claims ineffective assistance of counsel as his sole Ground for relief and elaborates upon that claim in his memorandum brief attached to his Motion. Petitioner asserts:

> In the case at bar, the P.S.I. report recommends that the defendant's criminal history category be 5 based on 10 criminal history points, offense level of 23, guidelines range of 84- 105 months. In doing so, the P.S.I. report relied upon the defendant's prior conviction under Case #129-99J-787 (See P.S.I. report at paragraph 38 to which defendant only received 2 years probation. The law is well settled that probation is not considered a sentence of imprisonment outlined under 4A1.2. In *United States v. Buter*, 229 F.3d 1077 (11th Cir. 2000), the Court held, defines sentence of imprisonment as a sentence of incarceration. In the instant case, the P.S.I. report utilized the defendant's sentence of (2) years probation to enhance defendant's criminal history 2 points under § 4A1.1(b), clearly violating the law outlined in *Buter*. . . . In the case at hand, had counsel object(ed) to the P.S.I. report applying the 2 point enhancement under § 4A1.1(b), there's a strong probability the defendant's sentencing proceeding would have been different. The failure of counsel to object to the 2 point enhancement under § 4A1.1(b) prejudices the defendant, and counsel's performance falls below an objective standard of reasonableness.

(R-36, Memo at 1, 2). Petitioner Muff's contention lacks factual basis. He is correct regarding the provisions of U.S.S.G. § 4A1.1 – Criminal History Category, which directs that in calculating a defendant's criminal history :

> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

The Official Commentary to U.S.S.G. § 4A1.1, Application Note 2, states:

> *§ 4A1.1(b). Two points are added for each prior sentence of imprisonment of at least sixty days not counted in § 4A1.1(a). . . . The term "sentence of imprisonment" is defined at § 4A1.2(b).*

The U.S.S.G. § 4A1.2(b), as cited in *United States v. Buter,* supra, provides as follows:

> (1) The term "sentence of imprisonment" means a sentence of incarceration and refers to the maximum sentence imposed.
>
> (2) If part of a sentence of imprisonment was suspended, "sentence of imprisonment" refers only to the portion that was not suspended.

Petitioner Muff contends that U.S.S.G. § 4A1.1(b) should not have been applied to his prior conviction and sentence report at ¶ 38 of the P.S.I. report. He states that that sentence was a sentence of two (2) years probation and not a sentence of imprisonment as defined above. An examination of the Pre-Sentence Investigation Report (PSI), however, shows at ¶ 38, Part B, Defendant's Criminal History, that Petitioner was convicted of Driving Under the Influence, No License, and Attempting to Elude/ in the Juvenile Court of Sumpter County, Georgia on October 25, 1999, in Case # 129-99J-787 (the case cited by petitioner), and that he was ordered to detention on that date and remained confined for 112 days until released on February 22, 2000, when the detention portion of his sentence was rescinded and he was placed on a term of 2 years probation.

3

The Court should note that U.S.S.G. § 4A1.2(d)(2) provides:

> (A) add 2 points under 4A1.1(b) for each adult or juvenile sentence to confinement of at lease sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense.

There is no dispute that the instant case "involves the purchase of crack cocaine from the defendant by a confidential source working with the DEA on September 9, 2004." *See* Petitioner's Plea Agreement at page 11. (R-25) The Court will take judicial notice that Petitioner's release from juvenile detention after confinement of 112 days on February 22, 2000, was within five years of the commencement of his instant offense which occurred on September 9, 2004.

Petitioner Muff presents no factual basis for his Motion To Correct his Sentence Pursuant to 28 U.S.C.§ 2255. He simply ignores the 112 day incarceration portion of the sentence imposed in his prior State Case No.129-99J-787. Therefore, his counsel cannot have been ineffective for not objecting to the correct calculation of Petitioner's criminal history in ¶ 38 of the PSI. Counsel cannot be considered ineffective for failing to raise claims that lack merit. *See Alvord v. Wainright*, 725 F.2d 1282, 1291 (11th Cir. 1984).

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served a copy hereof.

SO RECOMMENDED this 4th day of September 2007.

```
                    S/ G. MALLON FAIRCLOTH
                    UNITED STATES MAGISTRATE JUDGE
```