**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | CASE NO.: 1:05-CR-47 (WLS) |
| : | |
| DOMINIQUE MUFF, : | |
| : | |
| Defendant. : | |
| : | |

## **ORDER**

On December 12, 2013, the Court held a hearing on the Government's Petition for Action on Supervised Release (hereinafter "Petition"). (*See* Doc. 50.) The Petition recommends the revocation of Defendant's term of supervised release for 1) failure to refrain from violations of the law (Violation No. 1 (Burglary, Theft by Receiving Stolen Property (felony), Possession of a Firearm by a Convicted Felon and Possession of a Firearm during the Commission of a Crime, in Sumter County, Georgia) and Violation No. 3 (Colliding with a Fixed Object in Sumter County, Georgia); 2) possession of a firearm or other dangerous weapon in violation of the special condition of supervision (Violation No. 2); 3) failure to notify of a change of residence (Violation No. 4); and 4) failure to refrain from the use of a controlled substance (Violation No. 5).

During the final revocation hearing, the Court advised Defendant of the alleged violations and of his rights to a hearing on the allegations, which the Government would be required to prove by a preponderance of the evidence; to present evidence in his defense; and to testify (Defendant was also advised that he was *not required* to testify or present a defense)—all of which Defendant acknowledged he understood. Defendant then stipulated to Violation Nos. 3, 4, and 5. Violation Nos. 1 and 2 were withdrawn by

the Government. The Court then found by a preponderance of the evidence that Defendant violated the conditions of supervised release as set forth in Violation Nos. 3-5 of the Petition. Thus, the Court found that Defendant violated the conditions of supervised release, as alleged. The Court then declared Defendant's supervised release revoked.[1] The Court then took Defendant's U.S. Sentencing Guidelines range under advisement and found that the Sentencing Guidelines range was seven to thirteen months, based on Defendant's original criminal history category of V and his Grade C violations. The Court then sentenced Defendant to thirteen months in prison, with credit for time served since June 10, 2013.[2] The Court did not order a period of supervised release to follow the conclusion of Defendant's thirteen-month prison term. For all of the above reasons, the Government's Petition (Doc. 50) is **GRANTED**, and Defendant's term of supervised release is hereby **REVOKED**. Defendant is hereby committed to the Bureau of Prisons for a period of thirteen months.

**SO ORDERED**, this  17th  day of December 2013.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking supervised release.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).

[2] The Court made clear that while it intends for Defendant to receive credit, the Bureau of Prisons will make the determination regarding any credit received.